# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

CHRISTOPHER S. SONTCHI                                    824 MARKET STREET
        JUDGE                                        WILMINGTON, DE 19801
                                                        (302) 252-2888

February 27, 2007

Mark D. Collins                    Kurt F. Gwynne
Russell C. Silberglied             Kimberly E.C. Lawson
Paul N. Heath                      REED SMITH LLP
Marcos A. Ramos                    1201 Market Street
Richards, Layton & Finger, P.A.    Suite 1500
One Rodney Square                  Wilmington, DE  19899
Wilmington, DE  19899

                                   Paul S. Arrow
Suzzanne S. Uhland                 BUCHALTER NEMER
Austin K. Barron                   1000 Wilshire Blvd.,
Alexandra B. Feldman               15th Floor
O'Melveny & Myers LLP              Los Angeles, CA  90017
275 Battery Street
San Francisco, CA  94111           Counsel for Defendant,
                                   Wells Fargo Foothill,
Counsel for Defendant,             Inc.
Advanced Marketing Services, Inc.

Mark Minuti
Jeremy W. Ryan
SAUL EWING LLP
222 Delaware Avenue
Suite 1200
P.O. Box 1266
Wilmington, DE  19899

Craig A. Wolfe
Robert L. LeHane
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178

Counsel for Plaintiff,
Simon & Schuster, Inc.

RE: **Simon & Schuster, Inc. v. Advanced Marketing
    Services Inc. and Wells Fargo Foothill, Inc.,
    Adv. Proc. No. 07-50004 (CSS)**

Dear Counsel:

Simon & Schuster, Inc. ("S&S") is seeking to appeal directly to the United States Court of Appeals for the Third Circuit from this Court's interlocutory order denying S&S's motion for a temporary restraining order. This results in a procedural posture where two virtually identical issues relating to the appeal are simultaneously pending before two separate courts. The sole issue before this Court is the Request for Certification for Direct Appeal to Circuit Court of Appeals [Docket No. 30] (the "Request for Direct Appeal"). At the same time, the main issue – the Motion for Leave to Appeal [Docket No. 29] – is pending before the United States District Court for the District of Delaware. In the event that the District Court grants the Motion for Leave to Appeal, this Court will be divested of jurisdiction over the Request for Direct Appeal (which will then be decided by the District Court). In the event that the District Court denies the Motion for Leave to Appeal, the Request for Direct Appeal will be moot. Thus, in the interest of judicial economy, this Court will defer to the District Court and refrain from deciding the Request for Direct Appeal, pending a decision from the District Court on the Motion for Leave to Appeal.

**Jurisdiction and Venue**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**Factual and Procedural Background**

On December 29, 2006, Advanced Marketing Services, Inc. ("AMS") and two of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  That same day, S&S sent a reclamation demand to AMS.  On January 5, 2007, S&S commenced this adversary proceeding by filing a *Complaint for Reclamation of Goods Pursuant to 11 U.S.C. § 546(c) and Related Relief* (the "Complaint").  The Complaint seeks (i) reclamation of goods in the aggregate amount of approximately $5 million that S&S alleges were received pre-petition by AMS (the "Goods"), (ii) immediate payment to S&S of certain administrative expense claims, and (iii) an accounting of the Goods.

On January 11, 2007, S&S filed a motion for a temporary restraining order.  Through the Motion, S&S sought an order directing AMS (i) to stop selling the Goods, (ii) to segregate the Goods from any other inventory in AMS's possession, (iii) to provide S&S with an

accounting of the Goods, and (iv) to provide S&S access to the Goods for inspection. As of January 16, 2007, approximately $800,000 of the Goods remained in the Debtors' possession. On January 17, 2007, the Court held a hearing on S&S's motion for a temporary restraining order.

On January 22, 2007, the Court issued an opinion and order, denying S&S's application for a temporary restraining order. *See Docket Nos. 23 and 24.* In so ruling, the Court found that: (i) because the Goods that S&S seeks to reclaim are subject to prior secured liens, S&S is unable to establish a likelihood of success on the merits of its reclamation claim; (ii) S&S failed to establish the existence of any irreparable harm; and (iii) S&S failed to establish the balance of equities supports granting an injunction. Thus, the Court denied without prejudice S&S's motion for a temporary restraining order.[1]

On February 1, 2007, S&S filed the Notice of Appeal, the Motion for Leave to Appeal, and the Request for Direct Appeal. AMS and the Debtors' secured lender, Wells Fargo Foothill, Inc. ("Foothill"), each filed an opposition to

---

[1] The Court based its holding on the factual findings set forth in the *Opinion [Docket No. 23]*. Those facts are mostly irrelevant to the Request for Direct Appeal and only those facts necessary to understand the procedural issues raised by the Notice of Appeal, the Motion for Leave to Appeal, and the Request for Direct Appeal are set forth herein.

the Motion for Leave to Appeal.[2]   S&S filed a reply in support of the Motion for Leave to Appeal.   The Motion for Leave to Appeal and related documents have been transmitted to the District Court where the Motion for Leave to Appeal is pending.   *See Simon & Schuster, Inc. v. Advanced Marketing Services, Inc.,* No. 07-00028 (D. Del. filed Feb. 1, 2007).

AMS also filed an opposition to the Request of Direct Appeal in which AMS states that it opposes the Motion for Leave to Appeal but, in the event that leave to appeal is granted, AMS does not oppose the Request for Direct Appeal.[3] S&S did not file a reply and the Request for Direct Appeal was submitted to this Court for decision.

**Applicable Law**

The Court's order denying S&S's motion for a temporary restraining order is an interlocutory order. 2-39 Collier Bankruptcy Practice Guide p. 39.04 (Alan N. Resnick, Henry J. Sommer Release No. 73, Rev. 2006).[4]   Under 28 U.S.C. § 158(a)(3), the district court has "jurisdiction to hear

---

[2] On February 26, 2007, the Court entered an order permitting Foothill to intervene as a party defendant. *See* Docket No. 46.

[3] Foothill did not file an opposition to the Request for Direct Appeal.

[4] For purposes of this discussion, the Court assumes, *arguendo*, that denial of a request for a temporary restraining order is an appealable interlocutory order.   *But see Richards v. Kennedy*, 418 F.2d 235 (3d Cir. 1969) (refusal to issue temporary restraining order not appealable).

appeals . . . with leave of the [district] court, from . .
. interlocutory orders and decrees." Rules 8001(b) and
8003 of the Federal Rules of Bankruptcy Procedure govern
how a party may take an appeal from an interlocutory order.
It is clear under the statute and the applicable rules that
the district court (not the bankruptcy court) is to decide
whether to grant leave to file an appeal from an
interlocutory order issued by the bankruptcy court.[5] Unless
and until the district court grants leave to appeal, the
matter which is subject to appeal remains before the
bankruptcy court.

28 U.S.C. § 158(d)(2) was added by the Bankruptcy
Abuse Prevention and Consumer Protection Act, effective
April 20, 2005. Under section 158(d)(2), an appeal may be
taken directly from the bankruptcy court to the court of
appeals if the certification procedures set forth in the
statute are followed **and** the court of appeals authorizes
the direct appeal. Interim Rules 8001(f) and 8003(d) of
the Federal Rules of Bankruptcy Procedure govern the

---

[5] The applicable rules reference the "district court or the bankruptcy
appellate panel." As there is no bankruptcy appellate panel in the
Third Circuit, the Court will limit its references to the district
court.

implementation of 28 U.S.C. § 158(d)(2), including which court makes the required certification.[6]

Under section 158(d)(2), certification by the court is required if a request is made by a "majority of the appellants and a majority of the appellees." 28 U.S.C. § 158(d)(2)(B)(ii). Certification is also required if the court, "acting on its own motion or the request of a party," determines that:

> (i)    the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii)   the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> (iii)  an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

28 U.S.C. § 158(d)(2)(A)(i)-(iii).

In addition to the issuance of the certification, the court of appeals must authorize the direct appeal in order

---

[6] Effective October 17, 2005, this Court adopted the Interim Rules, including Interim Rules 8001(f) and 8003(d), approved by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States.

for the court of appeals to have jurisdiction over the appeal. 28 U.S.C. §158(d)(2)(A).

Interim Rules 8001(f) and 8003(d) govern the implementation of section 158(d)(2). Interim Rule 8001(f)(2) provides that "a certification that a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists shall be filed in a court in which the matter is pending." In an appeal from an interlocutory order, Interim Rule 8001(f)(2) provides that the matter is pending in the bankruptcy court until grant of leave to appeal under 28 U.S.C. § 158(a)(3) and in the district court upon the granting of leave to appeal.[7] Interim Rule 8001(f)(2)(A)(i)-(ii) further provides, in an appeal from an interlocutory order, only the bankruptcy court may make a certification until grant of leave to appeal and only the district court may make a certification upon grant of leave to appeal.

Finally, Interim Rule 8003(d) provides that, in an appeal of an interlocutory order, if the district court has not yet granted leave to appeal, the authorization of a direct appeal by a court of appeals under 28 U.S.C. §

---

[7] The 2005 Advisory Committee Note to Interim Rule 8001 provides that the rule "adopts a bright-line test for identifying the court in which a matter is pending" and the "bright-line chosen is the 'docketing' under Rule 8007(b) of an appeal of an interlocutory order . . . or the granting of leave to appeal . . . under 28 U.S.C. § 158(a)(3), whichever is earlier."

158(d)(2) "shall be deemed to satisfy the requirement for leave to appeal."

Thus, the Motion for Leave to Appeal is before the District Court. Simultaneously, unless and until the District Court grants the Motion for Leave to Appeal, the Request for Direct Appeal is solely before this Court.[8]

**Discussion**

The request of S&S to appeal directly to the Third Circuit from this Court's order denying S&S's motion for a temporary restraining order places the appeal in a bizarre procedural posture. The primary issue to be decided – whether S&S should be granted leave to appeal – is pending before the District Court. In deciding whether to grant leave to appeal, the District Court will apply the standards set forth in 28 U.S.C. § 1292(b). *See, e.g., Bowie Produce Co., Inc. v. Magic America Café, Inc., et al. (In re Magic Rests., Inc.)*, 202 B.R. 24, 26 (D. Del. 1996) (although section 158(a) fails to provide criteria for determining when leave to appeal should be granted, court

---

[8] In the Request for Direct Appeal, S&S argues that Interim Rule 8003(d) "can be read to imply that an appellant, in addition to a court, may make a certification to the circuit court while a matter is still pending before the bankruptcy court." The Court disagrees. Interim Rule 8003(d) deals solely with the effect on a pending motion for leave to appeal of the authorization of a direct appeal by a court of appeals *after* receipt of a certification by either the bankruptcy court or the district court. Nothing in Interim Rule 8003(d) trumps Interim Rule 8001(f)(2)(A)(i)-(ii), which specifically states that only the bankruptcy court or district court (as applicable) may make the certification under 28 U.S.C. § 158(d)(2).

have applied by analogy the standards set forth in section 1292(b)). Under section 1292(b), "leave to file an interlocutory appeal can be granted when the order at issue (1) involves a controlling question of law upon which there is (2) substantial difference of opinion, and (3) when immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Magic Rests.*, 202 B. R. at 26.

At the same time, under the "bright-line test" established by Interim Rule 8001(f), unless and until the District Court grants the Motion for Leave to Appeal, this Court has sole authority to determine whether to certify to the Third Circuit "that a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists." Under section 158(d)(2), the court must issue a certification if it determines the order at issue involves any of the following: (1) a question of law upon which there is no controlling decision of the Third Circuit or of the Supreme Court of the United States, (2) a matter of public importance; or (3) a question of law requiring resolution of conflicting decisions. 28 U.S.C. §158(d)(2)(A)(i)-(ii). In addition, the court must issue a certification if it determines an immediate appeal from order at issue may

materially advance the progress of the case or proceeding in which the appeal is taken. 28 U.S.C. §158(d)(2)(A)(iii).

The legal analysis under the Motion for Leave to Appeal and the Request for a Direct Appeal to be applied by the District Court and this Court, respectively, *is virtually identical.* Thus, in an appeal of an interlocutory order, the "bright-line test" established under Interim Rule 8001(f) provides, in effect, for the bankruptcy court (in the context of determining whether to certify an appeal to the court of appeals) to perform the same analysis generally reserved for the district court, *i.e.,* whether to grant leave to appeal. While this is consistent with the general proposition that the bankruptcy court retains jurisdiction over the matter subject to appeal unless and until the district court grants leave to appeal, it is troubling because the analyses under the Motion for Leave to Appeal and the Request for Direct Appeal are so strikingly similar. This not only provides for a duplication of effort by the bankruptcy court and the district court, it is contrary to the hierarchy of the court system by having the bankruptcy court rather than the district court making the determination as to whether leave should be granted to appeal from an interlocutory order. *Compare* 28 U.S.C. §158(a) (bankruptcy court not required to

state in writing grounds for granting leave for appeal for district court to have authority to grant leave to appeal) *and* 28 U.S.C. §1292(b)(district court required to state in writing grounds for granting leave to appeal for court of appeals to have authority to grant leave to appeal).

Even if the bankruptcy court were to issue the certification under section 158(d)(2), the court of appeals must then authorize the direct appeal in order for the court of appeals to have jurisdiction. Again, the "bright-line test" established under Interim Rule 8001(f) provides for a duplication of effort in determining whether to grant leave to appeal – this time between the district court and the court of appeals – and could result in a situation where (applying virtually the same legal standard) the court of appeals declines to authorize a direct appeal and the district court subsequently grants leave to appeal.

The Court is concerned that, in an appeal of an interlocutory order, the "bright-line test" established under Interim Rule 8001(f) results in "the tail wagging the dog." While there may be instances where the request for direct appeal is appropriately more significant than the underlying motion for leave to appeal, that is not the case here. The parties' own conduct in briefing the Request for Direct Appeal and the Motion for Leave to Appeal indicates

12

that the parties consider the Motion for Leave to Appeal to be more significant.    For example, the parties submitted longer and more detailed briefing in connection with the Motion for Leave to Appeal.    Moreover, Foothill (who intervened in the adversary proceeding, filed an opposition to the Motion for a temporary restraining order, participated actively at the hearing on the motion for a temporary restraining order, and filed an opposition to the Motion for Leave to Appeal) did not submit an opposition to the Request for Direct Appeal.    Finally, AMS does not assert an independent basis for opposing the Request for Direct Appeal, stating that, in the event the Motion for Leave to Appeal is granted, it does not oppose the Request for Direct Appeal.

In this case, the most sensible use of judicial resources and the course of action most consistent with the hierarchy governing our Federal court system are for this Court to defer to the District Court and to refrain from deciding the Request for Direct Appeal, pending a decision from the District Court on the Motion for Leave to Appeal. The parties will suffer no prejudice in having the District Court decide the merits of whether to grant the Motion for Leave to Appeal.    In the event that the Motion for Leave to Appeal is granted, the District Court will be in a position

to determine whether to issue the certification under section 158(d)(2).[9]  In the event that the Motion for Leave to Appeal is denied, the Request for Direct Appeal will be moot.  In any event, the parties will have their day in District Court (and, if appropriate, the Third Circuit) on the merits of whether an appeal should proceed from this Court's interlocutory order denying S&S's Motion for a temporary restraining order.

An order will be issued.

Very truly yours,

Christopher S. Sontchi

CSS/cas

---

[9] Indeed, as AMS does not oppose the Request for Direct Appeal in the event the Motion for Leave to Appeal is granted, the issuance of the certification by the District Court may be mandatory. *See* 28 U.S.C. § 158(d)(2)(B)(ii).